**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

MICHAEL CARRUTHERS,          )
                                   )
               Plaintiff,      )
                                   )
         vs.               )     Case No. 2:14-cv-217-JMS-MJD
                                   )
CORIZON MEDICAL STAFF, et al.,  )
                                   )
            Defendants.    )
                                   )

**Entry Discussing Complaint, Dismissing**
**Insufficient Claims and Directing Further Proceedings**

    Michael Carruthers, an inmate at the Putnamville Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants exhibited deliberate indifference to his serious medical needs.

## I.

    The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Further, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

Applying the foregoing standard to Carruthers' complaint, the Court finds that **the complaint must be dismissed**.

First, any claim against Corizon, Inc. must be **dismissed** because a private corporation is not vicariously liable under 42 U.S.C. ' 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). This element of a viable claim is absent as to the claim against Corizon. These principles also compel the dismissal of ' 1983 claims for damages against the individual defendants in their official capacities because an official capacity suit is essentially a suit against the entity.

In addition, any claim against Corizon Medical Staff must be **dismissed** because bringing suit against unnamed, or "John Doe", defendants in federal court is generally disfavored by the Seventh Circuit. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon, is left within the discretion of the district court.")(internal citations omitted).

Next, any claim against Stanley Knight, Superintendent of the Putnamville Correctional Facility, must be **dismissed** because there is no allegation that Superintendent Knight was personally involved in any of the acts alleged in the complaint. Without such personal involvement, Superintendent Knight could not be liable for the alleged staff misconduct. *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

The plaintiff's claims that the defendants exhibited deliberate indifference in violation of the Eighth Amendment to the United States Constitution to his need for treatment of boils must be **dismissed** because the plaintiff has not raised a right to relief above the speculative level. *See Twombly*, 127 S. Ct. at 1965. The plaintiff alleges the following with respect to the treatment he received: He initially requested treatment for "some big hard knots appearing under his right arm" on December 8, 2013. He was seen by defendant Nurse Sarah J. Elliot on December 10, 2013. Nurse Elliot placed a hot towel on the boils, squeezed them and provided Carruthers with antibiotic ointment. On December 15, 2013, Carruthers again requested to see Health Care staff.[1] On December 17, 2013, Carruthers saw Nurse Elliot who squeezed the affected area again, causing fluid and blood to leak from the boils. She then received authorization from Nurse Practitioner Connie Allen to inject him with medicine. Carruthers received the injection but did not consent to it. Carruthers requested to be seen again on December 19, 2013. He received another injection. Defendants Nurse Graham Moore and Nurse Practitioner Connie Allen lanced and bandaged the boils. The defendants did not explain the procedure to Carruthers or obtain his consent. When the bandages needed to be changed, defendants Allen and Moore examined Carruthers and concluded that the boils were a staph infection. Moore also asked Carruthers to sign back dated consent forms for the previous procedures. It is clear from this recitation of allegations that the defendants provided an abundance of care for Carruthers' condition. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. He is not entitled to the best care possible." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997). Moreover, a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." Conduct that is akin to criminal recklessness—but not

---

[1] He alleges that repeated requests to receive health care were denied between December 10 and December 15, but does not allege that any of the defendants were aware of or refused his requests during this time.

medical malpractice, negligence, or even gross negligence—violates the Eighth Amendment. *See Gamble*, 429 U.S. at 106; *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Carruthers has not presented any factual basis upon which to conclude that the defendants were deliberately indifferent to the treatment of his boils and staph infection. At most, the facts alleged reflect mere negligence.

Carruthers also claims that defendants Elliott, Allen, and Moore violated his right to due process under the Fourteenth Amendment by treating him without his consent. Such a claim requires a showing that: (1) the information withheld is such that a reasonable patient would deem necessary to make an informed decision; (2) the defendants were deliberately indifferent to the prisoner's right to receive the information; and (3) had the plaintiff received the information, he would have exercised his right to refuse the treatment. *See Pabon v. Wright*, 459 F.3d 241, 249-50 (2d Cir. 2006) (discussing the contours of a prisoner's due process right to refuse medical treatment). Carruthers' complaint does not allege these elements of a due process violation of the right to consent to medical treatment. In fact, Carruthers' complaint – alleging that the defendants were deliberately indifferent to his need for treatment – appears to be inconsistent with such an allegation. Accordingly, Carruthers' Fourteenth Amendment claim must be **dismissed.** Further, to the extent that Carruthers claims that these actions constituted cruel and unusual punishment in violation of the Eighth Amendment such claim must also be **dismissed**. *See Smith v. Peters*, 1995 WL 382953 (N.D. Ill. June 23, 1995) (holding that an allegation that the plaintiff was provided unwanted medical care did not meet the deliberate indifference standard).

**II.**

The complaint is **dismissed**. The plaintiff shall have **through October 14, 2014**, in which to show cause why judgment consistent with this Entry should not issue or file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: September 12, 2014

Distribution:

Michael Carruthers
910472
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana